# WILLIAM E. JARRELL et al. vs. MARTHA A. FELTON et al.

*Remanding Cause Without Affirming or Reversing Decree.*

Appeal from a decree of the Circuit Court for Queen Anne's County (Russum, J.)

The bill in this case was filed in the Circuit Court for Queen Anne's County, by the appellants, William E. Jarrell and William Bolton, creditors of Jacob B. Felton, of the State of Pennsylvania, to procure a sale of Felton's real estate, situate in Queen Anne's County, for the payment of his debts. It alleges that Felton died seized of considerable real estate, situate in Queen Anne's County, which was devised by his will to the defendants; that he left no personal estate and no letters of administration had ever been granted in Maryland; that there was an insufficiency of personal estate to pay the debts, and the prayer of the bill is for a sale of so much of the real estate as may be necessary for this purpose. The Pennsylvania executors, Felton's widow and children, were made parties to the bill. The answer admits the allegations of the bill, but denies the indebtedness and avers a sufficiency of personal estate in the State of Maryland with which the plaintiff's claims can be paid. Subsequent to the filing of the bill, letters of administration were granted upon this estate in Maryland, but the administrator does not seem to have been made a party. The case was submitted to the Court upon bill, answer and proof, and the bill was dismissed without prejudice to the rights of the plaintiff to bring a new suit, for the reason as stated by the Court in its opinion, that the insufficiency of the personal estate to pay the debts was not shown and because the plaintiff's claims, except the Jarrell note for $336.09, were not established by the evidence in the case.

The Court said: "There were a number of exceptions filed to the testimony taken at the trial, but we think there was ample evidence legally sufficient to establish an insufficiency of personal estate to pay the testator's debts. The witness,

William A. Felton, testified that the indebtedness in Philadelphia amounted to $10,000.00, and that the indebtedness on mortgages in Maryland amounted to $4,000. The personal estate in Maryland is valued at about $600. While it is true that neither Jarrell nor Bolton, the plaintiffs, could testify, on their own offer, because Jacob B. Felton, the other party to the contract was dead, yet admissions made by the heirs at law would be competent evidence to establish the indebtedness against the interest of the heir at law making the admission, in the realty of the testator. We have carefully examined this case and it does not appear to us that the substantial merits of this cause will be determined by either reversing or affirming the decree of the Court below, but the purposes of justice will be served by permitting further proceedings in the case. It is clear that the proceedings should be amended by making the Maryland administrator a party to the cause, and by such further proceedings as may be deemed necessary for determining this cause upon its merits. The decree then will not be affirmed or reversed, but the case sent back under the provisions of Art. 5, section 36 of the Code, that the proceedings may be amended so as to conform to the views which have been expressed herein, the cost of this appeal to abide the result of the final decision of the case."

Opinion by BRISCOE, J., filed January 5th, 1898. *Hope H. Barroll* for the appellants. No appearance for the appellees.